UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT TANNENBAUM,

    Plaintiff,

v.                                              Case No.: 8:18-cv-487-EAK-CPT

JEFFERIES, LLC,

    Defendant.
_____

## ORDER

Plaintiff Robert Tannenbaum sues Defendant Jefferies, LLC's ("**Jefferies**") for fraudulent and negligent misrepresentation. (Doc. 1). Jefferies moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 25). Tannenbaum opposes. (Doc. 26). The Court carefully considered the parties' briefing and is prepared to rule on Jefferies' motion to dismiss. However, as detailed below, Tannenbaum fails to sufficiently allege the Court's subject matter jurisdiction, and the Court may lack the statutory authority to proceed.

Federal district courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. Gunn v. Minton, 568 U.S. 251, 256 (2013). By statute, Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. This statutory grant includes original subject matter jurisdiction over, *inter alia*, civil actions between citizens of different states where the amount in controversy exceeds $75,000. Id. at § 1332(a)(1).

Case No.:  8:18-cv-487-EAK-CPT

A plaintiff must plead in his complaint a sufficient basis for the district court's subject matter jurisdiction.  Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990).  Where the plaintiff purports to invoke the district court's diversity jurisdiction, such pleading must include allegations of the citizenship of each party.  Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013) (citation omitted).  A limited liability company is a citizen of any state of which a member of the company is a citizen.  Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).

As presently pleaded, the complaint insufficiently alleges the Court's subject matter jurisdiction.  Because the complaint invokes the Court's diversity jurisdiction, (Doc. 1 at ¶5), Tannenbaum is required to plead the citizenship of each of Jefferies' members.  See Thermoset Corp. v. Bldg. Materials Corp of Am., 849 F.3d 1313, 1316 (11th Cir. 2017).  Tannenbaum fails to do so.  Instead, Tannenbaum alleges Jefferies is "incorporated in Delaware" and has its "principal place of business" in New York.[1] (Doc. 1 at ¶¶3–4).  Nothing else currently in the file identifies the citizenship of Jefferies' members.  See Green Acres Enterprises, Inc. v. United States, 418 F.3d 852, 856 (8th Cir. 2005) (explaining that, because subject matter jurisdiction is a threshold

---

[1] Tannenbaum appears to confuse the test for determining the citizenship of a corporation, see 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]"), with the test for determining the citizenship of a limited liability company.

2

question, federal district courts may look outside the pleadings in order to determine whether subject matter jurisdiction exists) (citation omitted).

The Court is prepared to rule now on Jefferies' motion to dismiss, but it cannot enter a ruling of any sort until it first determines its jurisdictional authority to hear and decide the parties' dispute.  To do so, it appears, would amount to an impermissible advisory opinion on the legal rights and obligations of the parties.  Because the parties may be able to rectify the jurisdictional deficiencies identified in this Order, however, the Court will not dismiss the action.  Rather, until the Court's subject matter jurisdiction is established, the Court will order the action administratively closed, stay all current case dates and deadlines, and direct Jefferies to provide the Court with information about the citizenship[2] of its members.  If, after review of that information, the Court is satisfied of its subject matter jurisdiction over the action, the Court will order the case reopened and rule on Jefferies' motion to dismiss.  Also, if necessary, the Court will reissue a revised Case Management and Scheduling Order.

Accordingly, it is **ORDERED** as follows:

1. The Court takes no action on Jefferies' motion to dismiss, (Doc. 25).

---

[2] The Court notes that, for diversity purposes, citizenship means the individual's domicile. Travaglio, 735 F.3d at 1268 (citation omitted).  Domicile means the place where the individual has his or her "true, fixed, and permanent home and principal establishment," and to which the individual "has the intention of returning" whenever he or she "is absent therefrom." Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1954).  Mere residence in a State is insufficient to establish citizenship. Travaglio, 735 F.3d at 1268 (citation omitted).

3

Case No.: 8:18-cv-487-EAK-CPT

2. The Clerk is directed to administratively close the case and terminate any pending motions.

3. On or before May 28, 2019, Jefferies shall file on the Court's docket a list of both its members and Jefferies Group, LLC's members[3] as of February 28, 2018 (the date Tannenbaum filed the complaint).

4. All case dates and deadlines contained in the Court's Case Management and Scheduling Order, (Doc. 21), are stayed until ordered otherwise.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 14th day of May, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[3] Tannenbaum alleges Jefferies is a subsidiary of Jefferies Group, LLC, "a Delaware entity." (Doc. 1 at ¶4).

4