UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT TANNENBAUM,

    Plaintiff,

v.                                                    Case No.: 8:18-cv-487-EAK-CPT

JEFFERIES, LLC,

    Defendant.
_____

## ORDER

    Plaintiff Robert Tannenbaum sues Defendant Jefferies, LLC for fraudulent and negligent misrepresentation arising out of his $250,000 investment in a now-defunct biomedical technology start-up, Palmaz Scientific, Inc. ("**Palmaz**"). (Doc. 1). Tannenbaum alleges he was duped into the investment by a "high-ranking," licensed investment advisor and account executive with Jefferies, an investment bank and financial services company tasked with marketing Palmaz's private placement stock offerings. According to Tannenbaum, in an effort to secure and retain his investment, Jefferies' Freddie Ostrove, during a series of telephone conversations with Tannenbaum between 2011 and 2015, falsely represented and omitted key details regarding, among other things, Palmaz's operational and financial health and stability, the value, promise, and proprietary nature of its technology, and the existence and position of certain other of its investors. Tannenbaum says that if Ostrove would've told him the truth about Palmaz, as Ostrove was required to do, he would've never made nor kept his investment in the company.

Jefferies moves to dismiss the complaint. (Doc. 25). As grounds, Jefferies argues that Tannenbaum's claims are time-barred; that multiple, necessary elements of the claims aren't particularly or plausibly pleaded; and that the claims are, in part, defective as a matter of law to the extent they rely on supposed omissions (as opposed to affirmative misrepresentations) by Ostrove. The Court disagrees.

Jefferies first contends that Tannenbaum's claims are barred by Florida's four-year statute of limitations on claims sounding in fraud. Fla. Stat. § 95.11(3)(j). But an assertion that the applicable statute of limitations has lapsed is an affirmative defense, which a complaint needn't anticipate or negate. La Grasta v. First Union Sec. Inc., 358 F.3d 840, 845 (11th Cir. 2004). Only when allegations contained within the complaint itself conclusively demonstrate, on their face, that an affirmative defense operates to bar recovery on the plaintiff's claim is it subject to dismissal pursuant to Rule 12(b)(6). Jones v. Bock, 549 U.S. 199, 214–15 (2007). Here, the allegations aren't so conclusive.

Florida's delayed discovery doctrine states that a fraud claim accrues, for limitations purposes, "from the time the facts giving rise to a cause of action were discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.031(2)(a). See also Hearndon v. Graham, 767 So. 2d 1179, 1184 (Fla. 2000). Tannenbaum alleges that he was only able to discover Jefferies' fraud through a series of events that transpired between 2015, when certain "distressing news" about Palmaz began to "leak," and 2017, when Palmaz ultimately filed for bankruptcy. He also

2

alleges Jefferies' superior knowledge regarding Palmaz and its technology, as well as Jefferies' heightened duty to speak truthfully to its clients regarding investment facts. Accepting his allegations as true, Tannenbaum's claims are timely. Although Jefferies understandably disputes these allegations, a motion to dismiss isn't the proper vehicle to raise such a challenge. See, e.g., Knight v. E.F. Hutton & Co., 750 F. Supp. 1109, 1112 (M.D. Fla. 1990) (Kovachevich, J.) (denying the defendant's motion to dismiss the plaintiff's Section 10(b), Rule 10(b)-5, and Florida Securities Investor Protection Act claims on statute of limitations grounds because whether due diligence would have led to discovery of the alleged fraud within the limitations period was a fact question not susceptible to determination on a motion to dismiss). The Court will deny the motion on this ground.

Jefferies next contends that the complaint lacks the particulars of the alleged fraud. More specifically, Jefferies argues that the complaint doesn't "allege the specific dates of the misrepresentations" but instead "only narrows them to certain individual months," violating the heightened pleading requirements of Rule 9(b).[1] To be sure, Jefferies interpretation of Rule 9(b) is hyper-technical. And, critically, it's inconsistent with the Eleventh Circuit's more holistic and "relaxed" application of Rule 9(b) in actions, like this one, alleging a "prolonged, multi-act scheme[]." Burgess v. Religious Tech. Ctr., Inc., 600 F. App'x 657, 662–63 (11th Cir. 2015). Moreover, specificity

---

[1] Rule 9(b) applies to both fraudulent and negligent misrepresentation claims. See Inman v. Am. Paramount Fin., 517 F. App'x 744, 748 (11th Cir. 2013).

3

under Rule 9(b) doesn't eliminate the concept of notice pleading. Id. (citing Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)). Tannenbaum's allegations are sufficiently specific to put Jefferies on notice of the alleged fraud and to permit Jefferies to formulate an informed and full response. Discovery will likely yield the information Jefferies contends the complaint is lacking. The Court will deny the motion on this ground.

Similarly, Jefferies contends that Tannenbaum failed to plausibly plead necessary elements of his claims – namely, materiality, knowledge, and reliance. Under Florida law, "relief for a fraudulent misrepresentation may be granted only when the following elements are present: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." Johnson v. Davis, 480 So. 2d 625, 627 (Fla. 1985) (citation omitted). The elements of a negligent misrepresentation claim are essentially the same as those for fraudulent misrepresentation, except that, instead of knowledge of the falsity of the representation, the plaintiff need only prove that the representor reasonably should've known of the statement's falsity. C & J Sapp Publ'g Co. v. Tandy Corp., 585 So.2d 290, 292 (Fla. 2d DCA 1991); Atlantic Nat'l Bank of Fla. v. Vest, 480 So.2d 1328, 1332 (Fla. 2d DCA 1985). Additionally, unlike a claim for fraudulent misrepresentation, a claim for negligent misrepresentation requires a

4

showing that the recipient's reliance on the erroneous information was justified. <u>Butler v. Yusem</u>, 44 So. 3d 102, 105 (Fla. 2010).

With respect to materiality, Jefferies completely neglects to address the most glaring allegations in the complaint: that Ostrove falsely represented (1) that Johnson & Johnson, a multinational consumer, pharmaceutical, and medical device corporation, "[had] a piece of the deal" and was looking to increase its already existing $9 million stake in Palmaz, (2) that Ostrove himself had invested his own funds into the company, and (3) that the company was "well- and efficiently-run," when, in reality (at least according to the complaint), neither Johnson & Johnson nor Ostrove had an existing investment in Palmaz, and the company was effectively insolvent from a balance sheet perspective, lacked a functional board of directors, and both its founder and CEO were "extract[ing] millions of dollars of investor funds" from the company for personal benefit. These allegations, accepted as true, plausibly make out a false statement of material fact. <u>See, e.g.</u>, <u>Burger v. Hartley</u>, 896 F. Supp. 2d 1157, 1174 (S.D. Fla. 2012) (Cohn, J.) (holding that false representation that third-party already owned $20 million worth of securities in automotive company was material); <u>Bankers Life Ins. Co. v. Credit Suisse First Boston Corp.</u>, 590 F. Supp. 2d 1364, 1369 (M.D. Fla. 2008) (Kovachevich, J.) (holding that omission of fraudulent assets of the touted company's balance sheet, as well as omission of accurate updates of the company's financial health, were material). The Court will deny the motion on this ground.

With respect to knowledge, the complaint generally alleges Jefferies knew or reasonably should've known of its false representations and omissions. This is sufficient at the pleading stage, as "Rule 9(b) permits states of mind, including knowledge, to be pled generally." W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 88 (11th Cir. 2008) (holding that "conclusory allegations" that defendant made allegedly false statements "knowing they were false" was sufficient to avoid dismissal). The Court will deny the motion on this ground.

And, lastly, with respect to reliance, Tannenbaum alleges he actually and justifiably relied upon Ostrove's representations and omissions in making and holding[2] his investment in Palmaz. In the current procedural posture, the court must assume that to be the case. Generally, the issue of a party's reliance is a question of fact not susceptible to determination on a motion to dismiss. See Hemispherx Biopharma, Inc. v. Mid-S. Capital, Inc., 690 F.3d 1216, 1229 (11th Cir. 2012) (citation omitted); Ganz v. Growthink Sec., Inc., No. 9:09-cv-80057-DTKH, 2009 WL 10667793, at *2 (S.D. Fla. Apr. 20, 2009) (Hurley, S.J.). Tannenbaum's execution of the parties' purchase agreement doesn't alter this conclusion. See, e.g., Romo v. Amedex Ins. Co., 930 So.2d 643, 651 (Fla. 3d DCA 2006) (holding that issue of whether reliance is justifiable is a question of fact despite the existence of a disclaimer in the application for

---

[2] Florida "common law recognizes . . . a claim, in fraud and negligent misrepresentation, called a 'holding claim.'" Rogers v. Cisco Sys., Inc., 268 F. Supp. 2d 1305, 1312 n.13 (N.D. Fla. 2003) (Collier, J.) (analyzing Florida law). See also Lopez v. Rica Foods, Inc., No. 1:06-cv-20710-PCH, 2007 WL 9701145, at *9 (S.D. Fla. Jan. 16, 2007) (Huck. J.) (analyzing Florida law).

6

insurance); Hetrick v. Ideal Image Dev. Corp., No. 8:07-cv-871-VMC-TBM, 2008 WL 5235131 at *13 (M.D. Fla. Dec. 13, 2008) (Covington, J.) (analyzing Florida law and denying summary judgment on claims based on alleged misrepresentations regarding profitability and resources needed to open a franchise and finding that the issue of reliance was a question of fact despite the existence of a questionnaire executed by the plaintiffs in which they affirmatively indicated that no representations had been made regarding earnings or likely success of the franchise). The Court will deny the motion on this ground.

Finally, Jefferies contends that, as a matter of law, it had no duty to disclose certain material information in connection with Tannenbaum's Palmaz investment because Ostrove didn't act in a fiduciary capacity. However, like the issue of reliance, the existence of a fiduciary relationship under Florida law is generally a fact question. Estate of Ayres ex rel. Strugnell v. Beaver, 48 F. Supp. 2d 1335, 1341 (M.D. Fla. 1999) (Kovachevich, J.). See also Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc., 92 F.3d 1110, 1117 (11th Cir. 1996); Roquemore v. Ford Motor Co., 400 F.2d 255, 260 (5th Cir. 1968). Discovery will develop an informative factual record with respect to Tannenbaum's own investment expertise, his knowledge of Palmaz, what material information Ostrove did or didn't omit during his telephone conversations with Tannenbaum, what Ostrove himself knew, and the nature and extent of the relationship between Tannenbaum and Ostrove. To the extent Tannenbaum's claims rest on alleged omissions by Ostrove, the complaint, as pleaded,

7

meets the minimum threshold requirements to avoid dismissal. The Court will deny the motion on this ground.

Having dispensed, in favor of Tannenbaum, with each of Jefferies' arguments for dismissal, the motion is accordingly **DENIED**. The complaint survives. Jefferies shall answer the complaint no later than November 8, 2019. Further, no later than November 22, 2019, the parties shall submit a joint amended case management report with proposed dates for all remaining case dates and deadlines.

**ORDERED** in Chambers, in Tampa, Florida, this 25th day of October, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record